THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00064-MR-DLH-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> MARQUISE BROWN, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Compassionate Release Pro-Se Motion." [Doc. 572].

I. **PROCEDURAL BACKGROUND**

In April 2017, the Defendant pled guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The Defendant was subject to a mandatory minimum term of imprisonment of ten years. See 21 U.S.C. § 841(b)(1)(A). In August 2017, the Court sentenced him to the mandatory minimum term of ten years and a supervised release term of five years. [Doc. 432]. The Fourth Circuit Court of Appeals affirmed his conviction and sentence. [Doc. 472].

The Defendant now moves pursuant to 18 U.S.C. § 3582(c)(1)(A) for compassionate release. [Doc. 572].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Defendant contends that he has exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)).

Here, the Defendant argues that extraordinary and compelling reasons exist for a reduction in sentence because he was sentenced to a mandatory minimum that was subsequently amended by Section 401 of the First Step Act. The Defendant argues that if he were sentenced today, his sentence would be substantially lower. [Doc. 572 at 7]. The Defendant's argument,

3

however, is misplaced.  Section 401 of the First Step Act reduces the mandatory minimum terms applicable to sentences that were enhanced pursuant to a § 851 Notice of certain prior convictions.  <u>See</u> First Step Act of 2018, § 401(a), 132 Stat. at 5220.  Here, however, the Government did not file a § 851 Notice.  The Defendant's sentence was therefore not enhanced by the proof of any prior convictions.  Thus, the terms of Section 401 are simply inapplicable to the Defendant.  In any event, Section 401 does not apply retroactively to defendants who were sentenced prior to the enactment of the First Step Act.  <u>See</u> <u>Id.</u> § 401(c), 132 Stat. at 5221 (stating that the changes to the sentencing enhancement set forth in § 401(a) apply retroactively to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment"); <u>United States v. Bryant</u>, 991 F.3d 452, 456 (2d Cir. 2021) (noting that § 401(c) "limits the retroactive effect of the changes made by Section 401(a)").  For all these reasons, the Defendant's motion for compassionate release based on the subsequent amendments to § 841(b)(1)(A) is denied.

The only other ground cited by the Defendant as a basis for granting compassionate release is his post-sentencing rehabilitation.  However, rehabilitation alone does not provide sufficient grounds for a sentence

4

modification. See 28 U.S.C. § 994(t). Thus, while the Defendant's rehabilitative efforts are commendable, such efforts do not constitute extraordinary and compelling reasons justifying the Defendant's release.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Compassionate Release Pro-Se Motion." [Doc. 572] is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 19, 2021

Martin Reidinger
Chief United States District Judge